UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Kristie M. Beld )<br>*Plaintiff* )<br>)<br>v. )<br>)<br>P'Pool & Roy, PLLC )<br>*Defendant* )<br>Serve: )<br>   J. Todd P'Pool )<br>   The Gordon House )<br>   220 North Main Street )<br>   Madisonville, KY 42431 )<br>_____ ) | Case No.  3:19-cv-226-RGJ |

# CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an individual action and proposed class action brought by Plaintiff Kristie M. Beld ("Beld") seeking injunctive relief, actual damages, statutory damages, litigation costs and attorneys' fees on behalf of herself and of a class of similarly situated Kentucky citizen consumers for Defendant P'Pool & Roy, PLLC's (the "P'Pool Law Firm") violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

2. This action is based upon the litigation conduct of Defendant P'Pool Law Firm for its pattern and practice of filing lawsuits against Kentucky citizen consumers in an attempt to collect consumer debts alleged to be owed by them which lawsuits state as the purported party plaintiff non-existent persons or entities and which collection lawsuits attempted to collect and/or collected dollar amounts not owed.

3. Ms. Beld's claims in this action arose on October 8, 2018 when Defendant P'Pool Law Firm filed a collection lawsuit against her in the Jefferson District Court of Jefferson County, Kentucky with the stated party plaintiff identified as "Mariner Finance" which does not exist as a real person or entity in violation of the FDCPA.

4. In like fashion, the claims of similarly situated class members comprising the class

of the proposed class action are based upon the litigation conduct of Defendant P'Pool Law Firm for filing collection lawsuits against numerous Kentucky citizen consumers which lawsuits stated as the purported party plaintiff parties that did not exist as real persons or entities, which non-existent purported parties included, but are not limited to, "Mariner Finance", "Mariner Finance Louisville", and "Mariner Finance #3802."

5. In all such improper collection lawsuits as stated *supra* where Defendant P'Pool Law Firm filed a collection lawsuit against a Kentucky citizen consumer in which the stated purported party plaintiff did not exist as a real person or entity the jurisdiction of Kentucky state courts could not be invoked, and was not invoked, as a matter of law in that the general jurisdiction of the courts of Kentucky cannot be invoked where the purported party plaintiff does not exist as a person or entity.

6. Such improper attempts to collect the alleged debt of Plaintiff Beld and the debts of numerous other consumers as set out *supra* violates multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means to collect a debt; §1692e(2) by the false representation of the character, amount, or legal status of a debt; §1692e(5) by threatening to collect in the name of a non-existent person or entity thereby threatening to take an action that cannot be legally taken; 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; §1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201 and the FDCPA as authorized at 15 U.S.C. §1692k(d).

8. Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Ms. Beld occurred within Jefferson County, Kentucky which is located within the Western District of Kentucky.

## PARTIES

9. Plaintiff Kristie Beld is a natural person who resides in Jefferson County, Kentucky with residence address 7102 Watson Lane Louisville, Kentucky 40272 and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1682a(3).

10. Defendant P'Pool & Roy, PLLC ("P'Pool Law Firm") is a domestic professional

limited liability company registered with the Kentucky Secretary of State engaged in the business of collecting debts on behalf of other persons, legal entities and, as alleged in this action, non-existent purported entities. Defendant P'Pool Law Firm's principal place of business located at The Gordon House, 220 North Main Street, Madisonville, Kentucky 42431.

11. P'Pool Law Firm is a "debt collector" within the meaning of the FDCPA as defined at 15 U.S.C. §1692a(6) since P'Pool Law Firm uses instrumentalities of interstate commerce or the mails in its business operations the principal purpose of which is the collection of debts, or because P'Pool regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTS GENERALLY

12. On October 8, 2018, Defendant P'Pool & Roy, PLLC ("P'Pool Law Firm") filed a collection lawsuit with the purported plaintiff stated to be "Mariner Finance" in the case caption, the body of the complaint, and the summons served to Plaintiff Beld in the Jefferson District Court of Jefferson County, Kentucky under case number 18-C-030873 (the "State Court Lawsuit") in an attempt to collect an alleged debt. A true and accurate copy of the complaint and summons as filed in the State Court Lawsuit is filed herewith collectively as "Exhibit A."

13. The real creditor of the debt alleged owed by Ms. Beld in the State Court Lawsuit was Mariner Finance, LLC an entity legally formed as a limited liability company and named, registered and in legal existence as Mariner Finance, LLC.

14. The Mariner Finance, LLC debt at the basis of the State Court Lawsuit was from an unsolicited letter to Ms. Beld offering her a One Thousand Two Hundred Dollar ($1,200.00) loan in the form of a "cash the check loan" which check was attached to the letter and mailed to Ms. Beld by Mariner Finance, LLC (the "Check Loan"). A true and accurate copy of the solicitation letter and check sent by Mariner Finance, LLC to Ms. Beld offering her the Check Loan is filed herewith as "Exhibit B."

15. The Mariner Finance, LLC letter also contained a page titled "Loan Agreement and Disclosure Statement" which disclosed that the Check Loan credit offer was being made by the legally existing entity "Mariner Finance, LLC" and which set forth the terms and conditions of the Check Loan. A true and accurate copy of the Loan Agreement and Disclosure Statement is filed herewith as "Exhibit C."

16. The type of loan offered by Mariner Finance, LLC to Plaintiff Beld <u>was not</u> an interest bearing loan, <u>but rather a loan which incorporated a precomputed finance charge</u> of the

time value of money pre-computed and added to the principal amount of the loan, up front, <u>and</u> which became fully due and owing along with the $1,200 principal upon the signing and/or depositing of the Loan Check. The type of loan as "precomputed" was stated in several places in the documents, including in the terms of the Loan Agreement, the Disclosure Statement, and on the back of the of the Loan Check. (*See* Exhibit B, *Loan Agreement* at first paragraph; *see also* "*Disclosure Box*", at last disclosure, and image of the back of the Loan Check)

17. The Check Loan offered to Plaintiff Beld, by its terms (the "Loan Terms") required Ms. Beld pay a "Credit Investigation Fee" of $37.50 which, according to the Loan Terms, was to be <u>deducted from the principal</u> of the Check Loan. (*See* Exhibit B, *Loan Agreement* at first paragraph).

18. The Loan Agreement provides that the total amount due under the Loan Agreement is $1,767.96 with a total Finance Charge of $567.96 to be paid in 27 monthly payments of $65.48.

19. Plaintiff Beld signed the back of the Check Loan check as was required by the Loan Terms and deposited it in her personal checking account on or about April 3, 2017 and thereafter used the proceeds of the Check Loan exclusively for personal, family and household purposes.

20. Ms. Beld paid Mariner Finance, LLC the required payment each month via electronic payment from her checking account beginning with the first payment due in May of 2017 and continuing through the payment due May of 2018. A true and accurate copy of Plaintiff's Bank Statements for the period of May 2017 – July 2018 are filed herewith as "Exhibit D."

21. As demonstrated by Exhibit D, Ms. Beld paid Mariner Finance, LLC a total of $866.24 towards satisfaction of the Check Loan.

22. In August of 2018 Ms. Beld contracted with a credit repair agency for credit repair services which included debt consolidation to improve her credit, which credit repair agency contacted Mariner Finance, LLC in September 2018 regarding Ms. Beld's debt consolidation and no payment was made in August or September of 2018.

23. On October 1, 2018 the State Court Lawsuit collection action was filed against Ms. Beld by the Defendant P'Pool Law Firm with the purported plaintiff stated to be "Mariner Finance", non-existent as a person or entity as more fully set out *supra* at paragraph 10 of this Complaint.

24. The Mariner Finance Complaint alleged in pertinent part:

> 2. Defendant is indebted to the plaintiff under the note and security agreement attached and filed herewith as Exhibit A.
>
> 3. Said obligation is past due and defendant owes a balance of $941.24 plus interest in accordance with the terms of agreement until date of judgment, then balance plus interest at the rate of 32.91% per annum until paid.

25.   The complaint falsely alleges that Ms. Beld owed a principal amount of $941.24 and also alleged the balance owed was subject to a contract rate of interest of 32.91% until the date of judgment and continuing thereafter until paid.

26.   Since the alleged Check Loan debt included a precomputed finance charge, before Mariner Finance could convert the terms of the Check Loan to a contract rate of interest it <u>was required to first rebate</u> the unearned portion of the precomputed finance charge pursuant to KRS 286.4.-530(7).

27.   Mariner Finance did not rebate the unearned finance charge of Plaintiff Beld's Check Loan in the amount it alleged she owed and was subject to the interest rate it alleged of 32.91% in the complaint it filed in the State Court Lawsuit.

28.   The complaint overstates the balance due on the Check Loan as follows: the total amount due under the Loan Agreement including precomputed finance charges was $1,767.96. Ms. Beld made payments totaling $866.24, which subtracted from $1,767.96 leaves a balance of $901.72 <u>before</u> credit for unearned finance charges is credited to the balance as required by KRS 286.4.-530(7).

29.   Per the terms of the Loan Agreement the rebate of unearned finance charges is calculated using the Rule of 78's formula. Therefore the unearned finance charges which should have been rebated was $153.79, calculated as follows: (14/378 x $567.96 (the Finance Charge) + 13/378 x $567.96 + 12/378 x $567.96 + 11/378 x $567.96 + + 10/378 x $567.96 + 9/378 x $567.96 + 8/378 x $567.96 + 7/378 x $567.96 + 6/378 x $567.96 + 5/378 x $567.96 + 4/378 x $567.96 + 3/378 x $567.96 + 2/378 x $567.96 + 1/378 x $567.96).

30.   Therefore, the principal amount demanded in the Mariner Finance Complaint should have been no more than $747.93 ($1,767.96 (total loan amount) -$866.24 (total of all payments made) – $153.79 (unearned finance charge). In other words, the complaint overstates the amount due by $193.31 or over 25% more than was legally or contractually due.

31.   On November 7, 2018 an initial answer (the "Initial Answer") to the State Court

Lawsuit was filed in behalf of Ms. Beld by the National Litigation Law Group of Oklahoma City, Oklahoma. A copy of the Initial Answer is filed herewith as "Exhibit E."

32. On November 9, 2018 Plaintiff Beld filed a motion to file an amended answer (the "Amended Answer") and a proposed amended answer in the State Court Lawsuit which motion was granted by the order of the Jefferson District Court by order entered November 29, 2018 and the proposed amended answer was deemed filed upon entry. A copy of the as entered Amended Answer is filed herewith as "Exhibit F."

31. On December 4, 2018 Ms. Beld, by and through undersigned counsel, moved to dismiss the State Court Lawsuit on grounds that "Mariner Finance" is not the name of any existing person or entity and the Jefferson Circuit Court lacked jurisdiction to hear the case. A copy of the as filed motion to dismiss and its exhibits is filed herewith as "Exhibit G."

32. The P'Pool Law Firm did not file a response to Plaintiff's motion to dismiss but instead on December 13, 2018 filed a motion for leave to file an amended complaint in the State Court Lawsuit. A copy of the motion for leave to file an amended complaint filed by Defendant P'Pool Law Firm is filed herewith as "Exhibit H."

33. On January 11, 2019 the Jefferson District Court entered an order granting Ms. Beld's motion to dismiss, holding that "[w]here the named plaintiff of a legal action filed in Kentucky did not exist at the time of the filing of the legal action it is a nullity and the jurisdiction of the court cannot be invoked over the purported defendant or the subject matter of the purported litigation." The Court further stated: "[t]he court finds that the named plaintiff of this legal action "Mariner Finance" does not exist as a person or legal entity and that the court therefore does not have jurisdiction generally over any purported parties or subject matter jurisdiction over the subject matter of the legal action." A copy of the Order of the Jefferson District Court in the State Court Lawsuit is filed herewith as "Exhibit I."

34. The Order of the Jefferson District Court in the State Court Lawsuit dismissing the lawsuit as stated *supra* at ¶ 27 was not appealed, is now final and is *res judicata* as to the legal issue that P'Pool Law Firm filed suit against Ms. Beld in the State Court Lawsuit in the name of a nonexistent person or entity.

35. Filing a lawsuit to collect a debt in the name of a nonexistent entity or person, or in any name other than that of the real party in interest violates the FDCPA.

36. The P'Pool Law Firm violated the FDCPA by collecting or attempting to collect: (1) amounts previously paid by the consumer; (2) amounts of interest and fees that the consumer does not owe: (3) amounts which are neither authorized by the agreement creating the debt or

allowed by law.

37. As a pattern and practice P'Pool Law Firm has filed lawsuits against numerous citizen consumers in the Commonwealth of Kentucky in which it has sought to collect alleged amounts owed in the name of non-existent entities and/or unregistered assumed names, e.g. P'Pool has filed lawsuits in an attempt to collect debts which are on information and belief amounts alleged to be owed to Mariner Finance, LLC with the purported named party plaintiff stated as "Mariner Finance #3802," "Mariner Finance," and "Mariner Finance Louisville" as well as the actual entity name "Mariner Finance LLC." See sample case information filed as Exhibit "J."

## CLASS ALLEGATIONS

38. Plaintiff Kristie M. Beld ("Beld") brings this action individually and as a proposed class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following classes of persons:

**Class I:** All Kentucky consumers against whom Defendant P'Pool & Roy, PLLC or its attorneys, agents, employees or representatives that within one (1) year prior to the date of the filing of this complaint filed lawsuits as described more fully below in violation of the FDCPA. Class I is further subdivided into the following subclasses:

**Class I.A:** All Kentucky consumers against whom P'Pool & Roy, PLLC filed a collection lawsuit against such consumers in an attempt to collect an alleged "debt" amount within the meaning of the FDCPA in any Kentucky state court in which the named party plaintiff in the lawsuit did not exist as a person or entity and thereby attempted to collect a debt by an act it could not legally take.

**Class I.B:** All Kentucky consumers against whom P'Pool & Roy, PLLC filed a collection lawsuit against such consumers in an attempt to collect an alleged "debt" amount within the meaning of the FDCPA and which such debt amount failed to credit the consumer with all payments made thereby attempting to take an act not permitted by contract or law for an amount to which it was not entitled.

**Class I.C:** All Kentucky consumers against whom P'Pool & Roy, PLLC filed a collection lawsuit against such consumers in an attempt to collect an alleged "debt" amount within the meaning of the FDCPA arising out of a consumer loan within the meaning of KRS §286.4-410 *et seq.* which lawsuit sought to collect <u>interest</u> pursuant to a loan that included precomputed finance charges without first refunding all unearned precomputed finance charges as required by KRS §286.4-530(7)-(8).

**Class I.D:** All Kentucky consumers against whom P'Pool & Roy, PLLC filed a collection lawsuit against such consumers in an attempt to collect or collected an alleged "debt" amount within the meaning of the FDCPA arising out of a consumer loan within the meaning of KRS §286.4-410 *et seq.* in which P'Pool & Roy, PLLC accrued interest on capitalized late charges on the loan and thereby attempted to collect an amount not owed by an act it could not legally take;

**Class I.E:** All Kentucky consumers against whom P'Pool & Roy, PLLC filed a collection lawsuit against such consumers in an attempt to collect or collected an alleged "debt" amount on behalf of Mariner Finance, LLC within the meaning of the FDCPA in which a "credit investigation fee" was added to, instead of being deducted from, the total amount it charged the consumer and attempted to collect from the consumer in violation of the express terms of the Mariner Finance, LLC agreement creating the debt and Kentucky law.

**Class I.F:** All Kentucky consumers against whom P'Pool & Roy, PLLC on behalf of Mariner Finance, LLC attempted to collect or collected a "debt" amount within the meaning of the FDCPA which "debt" amount arose out of a consumer loan within the meaning of KRS §286.4-410 *et seq.* and to which "debt" amount a credit investigation fee added to the consumer loan instead of deducting such credit investigation fee as required by the express terms of the applicable credit agreement and which was thereby used to <u>justify increasing the credit investigation fee</u> in excess of the credit investigation fee which would otherwise be authorized by KRS §286.4-533(4) not permitted by the contract terms or Kentucky law.

39. This action seeks the maximum statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2) for Plaintiff Beld and all members of the proposed Classes for P'Pool Law Firm's violations of the FDCPA.

40. This action also seeks injunctive relief enjoining P'Pool Law Firm from filing collection lawsuits against Kentucky citizen consumers that state non-existent persons or entities as the purported party plaintiff.

41. The proposed Classes as set out *supra* which are represented by Plaintiff Beld in this proposed class action and of which she herself is a member consists of those persons as defined *supra* and which the members of the proposed Classes are so numerous that joinder of individual members is impracticable.

42. Plaintiff Beld's claims in this proposed class action are typical of the claims of the proposed Classes as set out *supra*.

43. There are common questions of law and fact applicable to the members of the proposed Classes in this proposed class action that relate to and affect the rights of each member of the proposed Class.

44. The relief sought for Plaintiff Beld is common to the members of the proposed classes and all members of the proposed Classes have the same issues of law in common: (1) whether P'Pool Law Firm violated the FDCPA by filing lawsuits against such proposed class members where the lawsuits stated as the purported party plaintiff a non-existent person or entity as the creditor; (2) whether P'Pool Law Firm violated the FDCPA by filing lawsuits against such proposed class members and failed to credit them with payments made towards their alleged debts; (3) whether P'Pool Law Firm violated the FDCPA by filing lawsuits against such proposed class members in which the lawsuit sought to collect alleged "debt" amounts and accrued interest and/or for loans which were precomputed finance charge loans that had already added a precomputed finance charge and without the unearned finance charges having been rebated as required by KRS §286.4-530(7)-(8); (4) whether P'Pool Law Firm violated the FDCPA by filing lawsuits against such proposed class members collecting or attempting to collect interest on capitalized late charges in violation of KRS §286.4-410 *et seq.*; and (5) whether P'Pool Law Firm violated the FDCPA by filing lawsuits against such proposed class members collecting or attempting to collect a credit investigation fee added to the consumer loan instead of deducting such credit investigation fee from the loan proceeds as required by the express terms of the applicable credit agreement and which was thereby used to increase the credit investigation fee in excess of the credit investigation fee which would otherwise be authorized by KRS §286.4-533(4) in violates the FDCPA.

45. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action or with respect to the claims for relief herein set forth.

46. Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Class.

47. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

48. Plaintiff's attorneys have successfully represented other claimants in similar class action litigation.

49. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Class would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

50.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

51.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

52.     The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

53.     Because many of the persons who comprise the proposed Classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **CLAIMS FOR RELIEF**

**Violations of the Fair Debt Collection Practices Act**

54.     The above-described actions by Defendant P'Pool & Roy Law Firm constitute violations of the Fair Debt Collection Practices Act (FDCPA) which violation include, but are not limited to:

A.      Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B.      Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C.      Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

D.      Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt; and

E.  Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kristie M. Beld on behalf of herself and as class representative on behalf of the proposed Classes the Court grant relief as follows:

a.  Award the maximum amount of statutory damages for Ms. Beld and for each member of the proposed Classes for Defendant P'Pool Law Firm's violation of the FDCPA as provided under 15 U.S.C. §1692k;

b.  Enter an order enjoining P'Pool Law Firm from filing collection lawsuits against Kentucky citizen consumers that state as the purported party plaintiff non-existent persons or entities;

c.  Award Plaintiff and all members of the proposed Classes their attorney's fees, litigation expenses and costs in prosecuting this action as provided by the FDCPA pursuant to 15 U.S.C. 1692k;

d.  Award Plaintiff and the members of the proposed Classes their actual damages under 15 U.S.C. §1692k, which actual damages include, but are not limited to:

(1)  Plaintiff's attorney's fees and costs in defending against the State Court Lawsuit;

(2)  All dollar amounts improperly collected from the proposed Classes by any means or method by virtue of Defendant P'Pool Law Firm's violation of law Kentucky state law and the FDCPA as alleged *supra* which include, but are not limited to:

  (a)  Excess principal amounts not owed;
  (b)  Unrefunded finance charges;
  (c)  Improper interest charges;
  (d)  Excess credit investigation fee charges;
  (e)  Interest charged on credit fees;
  (f)  Interest charges on capitalized late charges; and
  (g)  Interest charged on Defendant's attorney fees;

e.  Trial by jury; and

  f. Such other relief as may be just and proper.

      Submitted by:

      /s/ James R. McKenzie
      **James R. McKenzie**
      *James R. McKenzie Attorney, PLLC*
      115 S. Sherrin Avenue, Suite 5
      Louisville, KY 40207
      Tel: (502) 371-2179
      jmckenzie@jmckenzielaw.com

      James H. Lawson
      *Lawson at Law, PLLC*
      115 S. Sherrin Avenue, Suite 5
      Louisville, KY 40207
      Tel: (502) 473-6525
      Fax: (502) 473-6561
      james@kyconsumerlaw.com